# United States Court of Appeals for the Federal Circuit

2008-1027

JOHN A. HELMSDERFER
and BROCAR PRODUCTS, INC.,

Plaintiffs-Appellants,

v.

BOBRICK WASHROOM EQUIPMENT, INC.,
BWA SOUTH COMPANY, INC., PATTERSON CASE ASSOCIATES, INC.,
and TARGET SALES AND MARKETING, L.L.C.,

Defendants-Appellees.

P. Andrew Blatt, Wood, Herron & Evans, L.L.P., of Cincinnati, Ohio, argued for plaintiffs-appellants. With him on the brief was Gregory F. Ahrens.

Glenn D. Bellamy, Greenebaum Doll & McDonald PLLC, of Cincinnati, Ohio, argued for defendants-appellees. With him on the brief were Carrie A. Shufflebarger and Nicholas D. Donnermeyer.

Appealed from: United States District Court for the Southern District of Ohio

Judge Michael R. Barrett

# United States Court of Appeals for the Federal Circuit

2008-1027

JOHN A. HELMSDERFER
and BROCAR PRODUCTS, INC.,

Plaintiffs-Appellants,

v.

BOBRICK WASHROOM EQUIPMENT, INC.,
BWA SOUTH COMPANY, INC., PATTERSON CASE ASSOCIATES, INC.,
and TARGET SALES AND MARKETING, L.L.C.,

Defendants-Appellees.

Appeal from the United States District Court for the Southern District of Ohio in case no. 1:06-CV-268, Judge Michael R. Barrett.

———————————————

DECIDED:  June 4, 2008

———————————————

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

MOORE, Circuit Judge.

Plaintiffs-Appellants, John A. Helmsderfer and Brocar Products, Inc. (collectively Brocar) appeal the judgment of the United States District Court for the Southern District of Ohio holding that Defendants-Appellees, Bobrick Washroom Equipment, Inc., BWA South Company, Inc., Target Sales and Marketing, LLC, and Patterson Case Associates, Inc. (collectively Bobrick) did not infringe claims 6 and 7 of Brocar's U.S. Patent No. 6,049,928 (the '928 patent).  We affirm.

## BACKGROUND

The '928 patent is directed to baby diaper changing stations that are able to resist vandalism, for example, during use in public restrooms. Brocar filed suit against Bobrick, alleging that Bobrick's stainless steel baby changing stations infringed claims 6 and 7 of the '928 patent.

After holding a Markman hearing, the district court issued an order on August 20, 2007 setting forth its claim construction of the seven disputed claim terms. Brocar objected to the district court's construction of one term, but conceded that the district court's construction of that term precluded a finding of infringement by Bobrick's baby changing stations. As such, the parties filed a stipulation with the district court asking it to enter an appealable final judgment of noninfringement. To that end, the district court entered a final judgment of noninfringement on August 31, 2007. This appeal followed.

## DISCUSSION

Claim construction is a question of law that we review de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). To construe a claim term, a court must determine the meaning of any disputed words from the perspective of one of ordinary skill in the pertinent art at the time of filing. Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). A patentee may act as its own lexicographer and assign to a term a unique definition that is different from its ordinary and customary meaning; however, a patentee must clearly express that intent in the written description. Id. at 1316; Bell Atl. Network Servs. v. Covad Commc'ns Group, Inc., 262 F.3d 1258, 1268 (Fed. Cir. 2001).

Brocar appeals the district court's construction of only one term, "partially hidden from view." The district court construed the term as "hidden from view to some extent but not totally hidden from view." The claims at issue, claims 6 and 7, depend either directly or indirectly from claim 1. Claim 1 states:

1. A wall-mounted station for changing the diapers of a baby comprising:

a support platform having top and bottom surfaces and opposing sides, the support platform being hingedly fixable at one side with respect to a wall;

the support platform being movable between a closed position up against a wall wherein the platform top surface is <u>partially hidden from view</u> and the bottom surface is exposed for view and an open position hinged away from a wall wherein the support platform is disposed generally perpendicular to a wall and the top surface is exposed for receiving a baby;

a generally flat protective panel, formed of a non-glass, abrasion-resistant material, the platform bottom surface being configured for receiving said panel such that said panel overlies at least a portion of the platform bottom surface and covers the exposed bottom surface of the platform when the support platform is in a closed position to create vandalism proof support platform for reducing the effects of graffiti and abrasions on the platform and for improving the inner decor of a facility in which the changing station is installed.

'928 patent col.16 l.53-col.17 l.6 (emphasis added).

Brocar contends that the district court erred as a matter of law when it construed that term to exclude totally hidden from view. Brocar proposes that the term should be defined as "positioned so at least some of the top surface is blocked from being seen." Brocar does not claim that it acted as its own lexicographer and concomitantly does not claim that the written description expresses a clear modification to the ordinary meaning of the term "partially." Rather Brocar's argument rests on the notion that the plain meaning of "partially" includes completely. Brocar asserts that the written description, which states the top surface is "generally hidden from view," supports its proposed

construction. Id. col.4 ll.48-51, col.8 ll.16-19. Brocar provides no evidence or reasoning to explain how "generally hidden from view" in the specification supports its proposed construction, which is essentially "at least partially hidden from view." The specification never utilizes the term "partially hidden from view" to describe the platform top surface. In fact, the only place where the platform top surface is described as "partially hidden from view" is in claim 1.

Additionally, Brocar used the term "generally" and "at least" elsewhere in claim 1. Id. col.16 l.63 ("generally perpendicular to a wall"), col.16 l.65 ("a generally flat protective panel"), col.17 l.1 ("at least a portion of").[1] Our precedent instructs that different claim terms are presumed to have different meanings. Applied Med. Res. Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1333 n.3 (Fed. Cir. 2006) ("[T]he use of two terms in a claim requires that they connote different meanings. . . ."); CAE Screenplates Inc. v. Heinrich Fiedler GmbH, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings."). As Brocar provides us with no evidence to rebut this presumption, we decline to construe the term "partially hidden from view" to have the same meaning as "generally hidden from view" or "at least partially hidden from view." If Brocar had intended to use these terms to describe the platform top surface, it should have.

---

[1] Other claims also use the terms "generally" and "at least." See '928 patent claim 2 ("at least one aperture"), claim 4 ("a groove along at least one side edge"), claim 8 ("generally perpendicular to a wall"), claim 13 ("generally concave top surface"), claim 14 ("generally perpendicular to a wall"), claim 15 ("generally away from a baby"), claim 17 ("generally planar support platform," "generally perpendicular to a wall," "the top surface generally coextensive," and "at least two adjacent sides").

Contrary to Brocar's arguments, the district court did not err by giving too much weight to extrinsic evidence to construe the term "partially hidden from view." A court may look to extrinsic evidence so long as the extrinsic evidence does not contradict the meaning otherwise apparent from the intrinsic record. See Intel Corp. v. VIA Techs., 319 F.3d 1357, 1367 (Fed. Cir. 2003) ("When an analysis of intrinsic evidence resolves any ambiguity in a disputed claim term, it is improper to rely on extrinsic evidence to contradict the meaning so ascertained."). Here, partially is not defined in the specification. In fact, the phrase "partially hidden from view" does not even appear in the written description. The district court's statement that there is no clear meaning of the term "partially hidden from view" apparent from the intrinsic record is correct.[2] Helmsderfer v. Bobrick Washroom Equip., Inc., No. 1:06cv268, 2007 U.S. Dist. LEXIS 60958, at *13 (S.D. Ohio Aug. 20, 2007). When the intrinsic evidence is silent as to the plain meaning of a term, it is entirely appropriate for the district court to look to dictionaries or other extrinsic sources for context—to aid in arriving at the plain meaning of a claim term.

All three dictionaries cited by the district court support its construction of the term "partially."[3] The first describes "partially" as "to some extent." Webster's Third New International Dictionary of the English Language Unabridged 1646, def. 1 (1993). The

---

[2] Both parties agree that the prosecution history adds no relevant insight on the interpretation of the claim term at issue.

[3] We cite an earlier version of the first two dictionaries relied on by the district court, as the effective filing date of the '928 patent is June 7, 1995. See Phillips, 415 F.3d at 1313 ("[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application."). We note that the definitions of the word partially did not change depending on the version of the dictionary utilized.

second defines "partially" as "[t]o a degree; not totally." American Heritage Dictionary of the English Language 1319 (1996). The third describes "partially" as "[i]n partial way or degree, as opposed to totally; to some extent; in part; incompletely, restrictedly; partly." Oxford English Dictionary 267, def. 2.a. (2d ed. 1989). None of these sources support Brocar's definition of partially—and the second and third sources specifically contradict Brocar's construction. There was no conflicting evidence. Based on the foregoing, the ordinary and customary meaning of the term "partially" excludes "totally."

Finally, Brocar argues that the district court's construction of the term is erroneous because it excludes both the preferred embodiment and every illustrated embodiment from these particular claims. While we recognize that the district court's construction of "partially hidden from view" does not encompass these embodiments for the claims at issue, we disagree with Brocar that the district court's construction is for that reason necessarily erroneous. Our case law generally counsels against interpreting a claim term in a way that excludes the preferred embodiment from the scope of the invention. See Primos Inc. v. Hunter's Specialties Inc., 451 F.3d 841, 848 (Fed. Cir. 2006) ("[W]e . . . should not normally interpret a claim term to exclude a preferred embodiment."); Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996) (stating a construction that excludes the preferred embodiment "is rarely, if ever correct and would require highly persuasive evidentiary support"). Specifically, our court has cautioned against interpreting a claim term in a way that excludes disclosed embodiments, when that term has multiple ordinary meanings consistent with the intrinsic record. See, e.g., Verizon Servs. Corp. v. Vonage Holdings Corp., 503 F.3d 1295, 1305 (Fed. Cir. 2007) (noting the disputed claim term has

multiple ordinary meanings and adopting the ordinary meaning that includes the disclosed examples in the specification).

It is true that the plain meaning of "partially hidden from view" does not include totally hidden from view, and that therefore claims 6-7 do not cover the preferred embodiment or the other illustrated embodiments. However, this does not mean that these embodiments are all excluded from the scope of the invention, but rather that they are excluded from the scope of these particular claims. Without opining on the construction of claims not at issue in this appeal, we note that none of the other independent claims of the '928 patent recite the term "the platform top surface is partially hidden from view." Therefore, our construction of claims 6-7 leaves open the possibility that claims not at issue in this appeal encompass omitted embodiments. It is often the case that different claims are directed to and cover different disclosed embodiments. The patentee chooses the language and accordingly the scope of his claims.

Moreover, Brocar's proposed construction is not consistent with any plain meaning of the term "partially" as interpreted in light of the specification. In this case there is only one ordinary meaning attributable to the word "partially" and this meaning does not include "totally." As Brocar did not act as its own lexicographer and alter the ordinary meaning of the term "partially," we cannot construe these particular claims to encompass the preferred embodiment or other illustrated embodiments. Courts cannot rewrite claim language. See K-2 Corp. v. Salomon S.A., 191 F.3d 1356, 1364 (Fed. Cir. 1999) ("Courts do not rewrite claims; instead, we give effect to the terms chosen by the patentee."); Tex. Instruments, Inc. v. U.S. Int'l Trade Comm'n, 988 F.2d 1165, 1171

(Fed. Cir. 1993) ("[C]ourts can neither broaden nor narrow claims to give the patentee something different than what he has set forth.") (internal quotes omitted).

We have considered all of Brocar's arguments, but conclude that the district court was correct in construing the term "partially hidden from view" to mean "hidden from view to some extent but not totally hidden from view." For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED