NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**LUCKY LITTER LLC,**
*Appellant,*

AND

**OURPET'S COMPANY,**
*Appellant,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

AND

**APPLICA CONSUMER PRODUCTS, INC.,**
*Intervenor,*

AND

**WATERS RESEARCH COMPANY,**
*Intervenor.*

———————————

2009-1470, -1474

———————————

On appeal from the United States International Trade
Commission in Investigation No. 337-TA-625.

———————————

Decided: October 6, 2010

_____

Eric C. Cohen, Katten Muchin Rosenman LLP, of Chicago, Illinois, argued for appellants Lucky Litter LLC. With him on the brief were Carolyn Miller Passen and Jeremy C. Daniel.

Paul V. Storm, Storm LLP, of Dallas, Texas, argued for appellant Ourpet's Company. With him on the brief was Sarah M. Paxson; and V. James Adduci II and Michael L. Doane, Adduci, Mastriani & Schaumberg, LLP, of Washington, DC.

Mark B. Rees, Attorney, Office of the General Counsel, United States International Trade Commission, of Washington, DC, argued for appellee. With him on the brief were James M. Lyons, General Counsel, Andrea C. Casson, Assistant General Counsel for Litigation, and Megan M. Valentine, Attorney.

Jeffrey D. Mills, King & Spalding LLP, of Washington, DC, argued for intervenor Applica Consumer Products, Inc. With him on the brief were Bruce W. Slayden II and Brian C. Banner.

Vance L. Liebman, Funkhouser Vegosen Liebman & Dunn Ltd., of Chicago, Illinois, for intervenor Waters Research Company. With him on the brief were Glenn A. Rice and Orley J. Moskovits Desser.

_____

Before Dyk, Friedman, and Moore, *Circuit Judges*.

MOORE, *Circuit Judge*.

Lucky Litter LLC (Lucky Litter) and OurPet's Company (OurPet's) appeal from the final determination of the International Trade Commission (Commission) that the importation and sale of Lucky Litter's ScoopFree® and OurPet's SmartScoop® self-cleaning litter boxes violated section 337 of the Tariff Act of 1930, as amended. *See* 19 U.S.C. § 1337. The Commission entered limited exclusion orders and cease-and-desist orders against Lucky Litter and OurPet's. *See In the Matter of Certain Self-Cleaning Litter Boxes and Components Thereof*, Investigation No. 337-TA-625 (U.S.I.T.C. Apr. 28, 2009) (*Commission Decision*). The Commission's determination and orders were based on its conclusion that the accused products infringed claim 33 of U.S. Patent No. RE 36,847 ('847 patent) and that claim 33 was not invalid. We conclude that the Commission erred when it read a "cat exit" limitation into claim 33, and that without this limitation, claim 33 would have been obvious. Intervenors Applica Consumer Products, Inc. and Waters Research Company (collectively, Applica) urge alternative bases for upholding the exclusion order; however, we find these arguments to be without merit. Therefore, we reverse the Commission's determination that claim 33 was not proven to be invalid and vacate the exclusion order.

## I. BACKGROUND

The '847 patent concerns self-cleaning cat litter boxes. The preferred embodiment is depicted in Figure 1:



The box depicted in Figure 1 uses a comb 43 to rake waste clumps 71 out of the litter. The comb is mounted on a shaft 41, which is driven by a motor 55. '847 patent col.3 ll.33-34. The shaft is attached to guide wheels 52-53 on each end. *Id.* col.3 l.18, 23. As the shaft turns, the guide wheels roll along the track. *Id.* col.3 ll.25-27. The motor is connected to the shaft through a gear train. *Id.* col.3 ll.31-35. The box has sensors (82, 84) to sense the exit of a cat from the litter box. *Id.* col.4 ll.25-29. After a cat leaves the box, there is a preset time delay to make sure the cat does not come back into the box with unfinished business, *id.* col.5 ll.29-30, after which the motor is energized, rotating the shaft and driving the comb through the litter to dump the clumps 71 into the waste receptacle 68. *Id.* col.5 ll.58-61, col.6 ll.12-26.

Applica sued Lucky Litter and OurPet's in the Commission seeking to exclude Lucky Litter's ScoopFree® and OurPet's SmartScoop® from importation into the United States under section 337 of the Tariff Act of 1930, as amended. *See* 19 U.S.C. § 1337. After construing the disputed claim terms, the Commission determined that

the accused products infringed claim 33 of the '847 patent and that claim 33 was not invalid as anticipated or obvious. *Commission Decision* at 31-40, 45-52; *see also In the Matter of Certain Self-Cleaning Litter Boxes and Components Thereof*, Investigation No. 337-TA-625 (Dec. 1, 2008) (*ALJ Decision*). The Commission further determined that the other asserted claims of the '847 patent were not shown to be invalid but were not infringed. The Commission issued limited exclusion orders and cease-and-desist orders against Lucky Litter's and OurPet's self-cleaning litter boxes and components thereof. *See Commission Decision* at 1. Lucky Litter and OurPet's appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

We review the Commission's determinations in accordance with the Administrative Procedure Act, *see Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 1338 (Fed. Cir. 2003), and thus we review the Commission's factual findings for substantial evidence and its legal conclusions *de novo*. 5 U.S.C. § 706(2)(A), (E).

### A. Claim Construction

Claim construction is a legal determination that we review *de novo*. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1455-56 (Fed. Cir. 1998) (en banc). The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art in question at the time of the invention when read in the context of the specification and prosecution history. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).

Lucky Litter argues that the Commission erroneously construed claim 33 as having a "cat exit" limitation and that without this added limitation, claim 33 is invalid as anticipated or obvious. Claim 33 reads:

33. A self-cleaning cat litter box comprising:

a pan-shaped housing defining an upwardly open litter chamber to be filled to a given fill level with cat litter;

a comb drive coupled to the housing;

a comb extending between two opposed sidewalls and being coupled to the comb drive and movable between a storage position and a discharge position, the comb projecting down into the litter chamber to a level below the fill level so that the comb engages clumps in the litter and moves such clumps toward the discharge position; and

a mode selector switch operatively connected to said comb drive, the switch being moveable between a manual operation position wherein an operator causes the comb to move toward the discharge position and *an automatic operation position wherein the comb moves toward the discharge position automatically upon the occurrence of a predetermined event.*

'847 patent, claim 33 (emphasis added). The Administrative Law Judge (ALJ) construed the "automatic operation position" of claim 33 as "a position of the mode selector switch where combing is initiated in response to a cat exit," *ALJ Decision* at 48, and the Commission declined to review this decision, *Commission Decision* at 5.

The appellants argue that this construction conflicts with the plain language of the claim, which refers to a predetermined event, not to a cat exit. The appellants explain that in Applica's request for reissue, Applica stated that claim 1 contained "recitations regarding a cat exit sensor and a delay means which are too limiting of the invention." J.A. 37238-39. The appellants point out that claim 33 was added during reissue and does not contain the "cat exit" language of claim 1.

The Commission responds that that the specification distinguishes the invention over the prior art in terms of cat exit: "The present invention provides effective improvement for the rake drive of the Carlisi [U.S. Patent No. 5,048,665] device so that movement of the comb or rake through the litter can be made responsive to entry and exit of the cat from the litter box." '847 patent col.1 ll.47-50. The Commission argues that the broader plain language interpretation of the "predetermined event" would jeopardize the validity of claim 33 by encompassing the periodic combing described in Carlisi. The Commission asserts that the specification emphasizes that the litterbox is "directly responsive to the exit of a cat from the litter box." *Id.* col.1. l.62. The Commission argues that the patent clearly disavows automatic operation on a timed basis because the specification discloses that an object of the invention is to provide an improved rake or comb drive that "does not operate on a periodical basis so that there is no substantial possibility that the comb mechanism will carry out a cleaning operation while a cat is present in the box." *Id.* col.1 l.63-col.2 l.2.

We conclude that the "automatic operation position" of claim 33 must be construed in accordance with its plain meaning. Claim 33 requires "an automatic operation position wherein the comb moves toward the discharge

position automatically upon the occurrence of a predetermined event." On its face, the claim does not limit the predetermined event to a cat exit. The words of a claim are generally given their ordinary and customary meaning, absent a clear indication otherwise from the specification or prosecution history, as where the patentee acts as his own lexicographer or clearly disavows claim scope. Here, the specification does not support limiting the term to a cat exit. This is not a case where the patentee acted as his own lexicographer and defined the term "predetermined event"; in fact, the words "predetermined event" appear nowhere in the specification. Thus, the specification does not clearly indicate the patentee's intent to impart a unique meaning to "predetermined event." *See Helmsderfer v. Brobrick Washroom Equip., Inc.*, 527 F.3d 1379, 1381 (Fed. Cir. 2008) ("A patentee may act as its own lexicographer and assign to a term a unique definition that is different from its ordinary and customary meaning; however, a patentee must clearly express that intent in the written description."). In addition, nothing in the specification clearly and unmistakably disavows predetermined events other than cat exit. The Commission asserted that the specification disavowed periodic cleaning, such that claim 33 should require a cat exit, by the statement: "Another object of the invention is to provide a new and improved comb drive for a self-cleaning cat litter box that is capable of remaining in[] operation for extended periods of time without attention from the cat owner and that does not operate on a periodical basis so that there is no substantial possibility that the comb mechanism will carry out a cleaning operation while a cat is present in the box." '847 patent col.1 l.63-col.2 l.2. This statement falls short of the type of clear and unmistakable disavowal required to limit the ordinary meaning of a claim term.

Moreover, the prosecution history shows that the patentee viewed his invention more broadly and sought reissue to remove "cat exit sensor and delay means which are too limiting of the invention." J.A. 37238. Although the original claim set included claims requiring "a cat exit sensor" for actuating the self-cleaning operation after "sensing exit of a cat from the litter chamber," claim 33, which was added during reissue, does not contain this limitation. Claim 33 makes no mention of a cat exiting the litter box. We will not read in a cat exit limitation into this claim. In short, nothing in the claim language, specification, or prosecution history requires a cat exit limitation. The "automatic operation position" of claim 33 requires only that the "comb move[] toward the discharge position automatically upon the occurrence of a predetermined event." '847 patent, claim 33.

## B. Validity

"Obviousness is a question of law based on underlying factual inquiries, and thus we review the Commission's ultimate determination de novo and factual determinations for substantial evidence." *Vizio, Inc. v. Int'l Trade Comm'n*, 605 F.3d 1330, 1342 (Fed. Cir. 2010).

Lucky Litter and OurPet's argue that without the "cat exit" limitation, claim 33 is anticipated or rendered obvious by Carlisi. The Commission determined that the appellants failed to establish that claim 33 was invalid; however, this determination was based in part on its conclusion that claim 33 required a cat exit. The Commission found that "it is not apparent that Carlisi discloses a switch for selecting between a manual operation and an automatic operation," as required by claim 33. *Commission Decision* at 45; *see* '847 patent, claim 33 (requiring "a mode selector switch . . . moveable between

a manual operation position . . . and an automatic operation position").

Lucky Litter and OurPet's contend that Carlisi discloses a mode selector switch and thus anticipates claim 33. Carlisi discloses a self-cleaning litter box with a timing device that periodically rakes the litter to remove solid waste. Carlisi discloses an on/off switch "for actuation of the cleaning process." Carlisi col.3 l.50. Carlisi also discloses that its litter box can be operated in "a manual fashion, where the rake member is moved manually" or in response to predetermined conditions or a timer mechanism (i.e., automatic operation). *Id.* col.3 ll.19-20, 51-54. Lucky Litter asserts that the on/off switch is the mode selector switch. What a particular reference discloses is a question of fact. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, -- F.3d --, 2010 WL 3257312, *3 (Fed. Cir. Aug. 18, 2010). It is not at all clear from Carlisi that its on/off switch is used to select between manual and automatic modes. Thus, the Commission's finding that Carlisi does not disclose a mode selector switch is supported by substantial evidence.

The appellants also argue that claim 33 is invalid because converting Carlisi's on/off switch to a mode selector switch would have been obvious to one of ordinary skill in the art. We agree that even if Carlisi does not precisely disclose a mode selector switch, modifying Carlisi's litter box to include such a switch would have been trivial to one of ordinary skill in the art. Indeed, if a litter box has both a manual operation mode and an automatic operation mode, it is unclear how one would select between these two modes if not by a switch. The Commission determined that one of ordinary skill in the art would have had knowledge of switch hardware, circuitry, control logic, microcontrollers, and computer programming. *See*

*ALJ Decisio*n at 78. Thus, it would have been obvious to one of ordinary skill in the art to add a switch to Carlisi's litter box to move the box between manual and automatic modes. Accordingly, we conclude that claim 33 would have been obvious.

Because we conclude that claim 33 is obvious in view of Carlisi and the general knowledge of those of ordinary skill in the art about switches, we do not address the appellants' additional bases for obviousness.

Applica urges alternative bases to support a violation of section 337 and to uphold the exclusion orders and cease-and-desist orders. Applica asserts that the Commission erred when construing terms in other asserted claims of the '847 patent, and that under Applica's proposed constructions, the accused litter boxes infringe these other claims.[1] We find these arguments to be without merit. We see no error in the Commission's construction of the disputed terms in these additional claims, and we conclude that these other claims do not establish a violation under 19 U.S.C. § 1337.

CONCLUSION

For the foregoing reasons, we reverse the Commission's determination of a violation under section 337 of the Tariff Act of 1930, as amended (*see* 19 U.S.C. § 1337), and vacate the corresponding exclusion orders and cease-and-desist orders.

**REVERSED AND VACATED**

---

[1] Specifically, Applica argues that Lucky Litter's ScoopFree® litter box infringes claims 27, 41, and 42 under its proposed constructions and OurPet's SmartScoop® litter box infringes claims 24, 25, 31, and 31.